EX PARTE IN THE MATTER OF FRANKLIN RANSOM AND UZZIAH WEEMAN *v.* THE MAYOR, ALDERMEN, AND COMMONALTY, OF THE CITY OF NEW YORK.

Where there was an order of the Circuit Court to set aside a judgment upon payment by the defendant of the costs which had accrued up to that time, the plaintiffs' counsel, by not insisting upon the payment of such costs, thereby impliedly waived the condition upon which the judgment was to be vacated, and cannot proceed upon the judgment as being still in force.

Other circumstances lead to the opinion that it was the understanding of both sides that the judgment should be vacated.

This court therefore overrule a motion for a mandamus directing the court below to set aside the order vacating the judgment, or for a rule to show cause why a mandamus should not issue.

THIS was a motion made by *Mr. Keller* to issue to the Circuit Court of the United States for the southern district of New York a peremptory writ of mandamus, commanding it to carry into execution a judgment which had been entered upon the records of the court, or to issue an alternative writ of mandamus, commanding the judgment to be carried into execution, or cause to be shown why it was not done.

There were numerous affidavits filed in the case, to show the course pursued by counsel, and arrangements between them; but a brief statement of facts will serve to explain the ground upon which the motion rested.

On the 24th of December, 1856, a verdict was rendered in the Circuit Court in favor of Ransom and Weeman, against the corporation of New York, for twenty thousand dollars, and one thousand four hundred and fifty-eight dollars and twenty-five cents costs. The ground of recovery was the infringement of a patent right. During the trial, several exceptions were taken by the defendants to the rulings and charge of the court. Notes were taken by reporters, and a memorandum stated, that to set aside the verdict and obtain a new trial this case was made, with leave to convert the same into a bill of exceptions.

Things remained in this condition, without any very material change, until the 12th of December, 1857, when the plaintiffs entered up judgment for the amount of the verdict and costs. On that day, the judge, in consequence of an affidavit, ordered that all proceedings in the suit should be stayed till the 15th of December, and until the decision of any motion which may be then made, or at such other time as said court may direct, to vacate any judgment which may be entered in this action, and allow the defendants an opportunity to make a motion for a new trial therein.

On the 19th of December, the court, after argument, passed

an order to vacate the judgment on payment of the costs up to that time, and that the defendants have leave to turn the case into a bill of exceptions. The argument for a new trial was directed to take place by the 9th of January.

A few days afterwards, the case was settled by the judge who presided at the trial when the verdict was rendered. When the argument came on for a new trial, the motion was overruled, but leave was granted to the defendants to turn the case thus settled into a bill of exceptions, in order that it might come up to this court.

Thereupon the plaintiffs issued an execution upon the judgment, and placed it in the hands of the marshal for collection.

The defendants then moved that all proceedings founded on the judgment of the 12th December be stayed, and that the plaintiffs enter up a new judgment and file a new judgment record, so that the case might be brought to this court. The plaintiffs alleged that the payment of the costs by the defendants up to the 19th of December was a condition precedent to the vacating of the judgment; and as the costs were not paid during the term of the court, the condition was not complied with, and the judgment was revived without any further order of the court.

The court, on the 20th April, 1858, ordered that all proceedings founded on the judgment of 12th December be stayed; that the plaintiffs be required to enter up a new judgment and file a new judgment record, so that the case might, on such new judgment, be brought up to this court.

In this state of things, the motion was made in this court for a rule to show cause why a mandamus should not be issued, to direct the court to set aside the order vacating the judgment.

Mr. Justice NELSON delivered the opinion of the court.

A motion is made on behalf of the plaintiffs for a mandamus to the Circuit Court of the United States for the southern district of New York, to compel that court to vacate an order in the above cause, directing a judgment entered against the defendants on the 12th of December, 1857, of $21,458.21, to be vacated. The judgment was entered upon a verdict rendered for the plaintiffs in an action for the alleged infringement of a patent for an "improvement in the mode of applying water to fire engines, so as to render their operation more effective." The judgment was entered in consequence of the stay of proceedings having expired, given to the defendants to make a case on which to move for a new trial. Afterwards, on the 19th December, during the same term, an order was entered on motion of the defendants, after hearing counsel on both

sides, by Judge Ingersoll, then holding the court, vacating the judgment on the payment of costs that had previously accrued, and also upon the condition that the case should be settled in a short time mentioned, and the motion made for a new trial, with liberty to either party to turn the case into a bill of exceptions, which right had been reserved at the trial. The case was settled accordingly, the motion for a new trial heard and denied, a bill of exceptions settled and signed, agreeably to the order of the 19th December, and filed in the office of the clerk of said court. Since the motion for a new trial, and the settlement of the bill of exceptions, the attorney for the plaintiff has issued an execution on the judgment of the 12th December, claiming it to be still in force, on the ground that the condition had not been complied with in respect to the payment of costs. A motion was subsequently made by the defendants to set aside this execution and the judgment aforesaid unconditionally, which was granted by the court. The present motion to this court is for a rule to show cause against the court below, why a mandamus should not issue to vacate this last order.

The ground upon which the court below placed its decision for setting aside the judgment and execution unconditionally, is, that the attorney for the plaintiffs, by not making out his bill of costs, procuring a taxation, and demanding them previous to the hearing of the motion for a new trial, thereby impliedly consented to waive this condition, and cannot afterwards set it up for the purpose of invalidating the order of the 19th December, vacating the judgment. We concur in this view of the court, and we are also satisfied, from the course of the proceedings preparatory to the motion for the new trial, the hearing of that motion, and the turning of the case into a bill of exceptions with a view to a writ of error, it was the understanding of both parties that the judgment of the 12th December was to be considered as vacated, and that a new one be entered for the plaintiffs, if a motion for a new trial was desired.

The court is of opinion, therefore, that the facts presented upon this motion for a mandamus are not such as entitle the plaintiffs to a rule to their cause, and it must therefore be denied.